**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **BARBARA MORROW and BENNY MORROW, individually and on behalf of those similar situated**, | Civil Action No. 5:16-CV-137 (HL) |
| Plaintiffs, | |
| v. | |
| **ALLSTATE INDEMNITY COMPANY**, | |
| Defendant. | |

**ORDER**

Now before the Court is Defendant Allstate Indemnity Company's ("Allstate") Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 22). The motion is **DENIED**.

## I. PROCEDURAL BACKGROUND

Plaintiffs Barbara Morrow and Benny Morrow seek relief on behalf of themselves and others similarly situated for Allstate's alleged refusal to assess and pay damages for diminished value for claims made under their homeowners' insurance policies. This case is part of a series of cases seeking to certify in this district a class-action for diminished value in the real-property-insurance context.

On March 29, 2017, the Court granted in part and denied in part Allstate's Motion to Dismiss Plaintiffs' original complaint. (Doc. 20). Specifically, the Court held that Plaintiffs failed to state a claim for declaratory relief, and also dismissed

certain Allstate entities from the action because they had no contractual relationship with Plaintiffs. As to the remaining Defendant, Allstate Indemnity Company, the Court found that Allstate's one-year contractual limitations period was applicable and enforceable, and that "Plaintiffs [had] failed to allege facts sufficient to constitute a waiver of the limitations period with respect to the 2010 loss." (Doc. 20, p. 15). The Court granted Plaintiffs an opportunity to amend their complaint to state allegations of waiver. (Doc. 20, pp. 15–16).

Plaintiffs filed an Amended Complaint on April 18, 2017. (Doc. 21). Plaintiffs' Amended Complaint contains three counts: Count 1 (Doc. 21, ¶¶ 65–76), breach of contract for failure to assess diminished value; Count 2 (Doc. 21, ¶¶ 77–86), breach of contract for failure to pay diminished value; and Count 3 (Doc. 21, ¶¶ 87–89), attorneys' fees and costs. Allstate filed a Motion to Dismiss Plaintiffs' Amended Complaint on May 2, 2017, arguing that the new allegations still fail to establish Allstate's waiver of the contractual limitations period, and thus that Plaintiffs' claims relating to the 2010 loss should be dismissed.

## II.    DISCUSSION

### A.    Motion to Dismiss Standard

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient factual matter to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." <u>Garfield v. NDC Health Corp.</u>, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted).

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" <u>Iqbal</u>, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." <u>Oxford Asset Mgmt., Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002).  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Twombly</u>, 550 U.S. at 555 (internal quotation marks and citation omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. <u>Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993).

### B.    Plaintiffs Have Adequately Alleged Waiver

In its Motion to Dismiss Plaintiffs' Amended Complaint, Allstate argues that the Amended Complaint is "utterly devoid of facts sufficient to allege that Allstate waived the one-year contractual limitations period in the Policy," and accordingly, Plaintiffs' claims relating to the 2010 loss should be dismissed for failure to state a claim.  (Doc. 22, pp. 3, 5).  The Court disagrees.

"A waiver . . . may be inferred from actions, conduct, or a course of dealing . . . [where] all the attendant facts, taken together, . . . amount to an intentional relinquishment of a known right . . . ." Forsyth Cty. v. Waterscape Servs., LLC, 694 S.E.2d 102, 109–10 (Ga. Ct. App. 2010) (citations omitted).  A jury can infer waiver where "the insurer never denie[s] liability and [takes] actions (including issuing checks for payment) which represent[] that it intend[s] to pay the claim without suit." Balboa Life & Cas., LLC v. Home Builders Fin., Inc., 697 S.E.2d 240, 244 (Ga. Ct. App. 2010).  A waiver . . . may result when the insurance company's "'investigations, negotiations, or assurances . . . up to and past the period of limitation . . . led the insured to believe the limitation would not apply.'" Suntrust Mortg., Inc. v. Georgia Farm Bureau Mut. Ins. Co., 416 S.E.2d 322, 324 (Ga. Ct. App. 1992) (quoting Modern Carpet Indus. v. Factor Ins. Assn., 186 S.E.2d 586, 587 (Ga. Ct. App. 1971)).

In their Amended Complaint, Plaintiffs allege that:

- "Allstate accepted Plaintiffs' claim as a covered event under the policy." (Doc. 21, ¶ 25).

- "Allstate adjusted Plaintiffs' claim arising out the April 15, 2010 loss, authorized repairs to Plaintiffs' home, and subsequently paid certain repair costs." (Doc. 21, ¶ 22).

- "Allstate assured Plaintiffs that their claim was progressing toward conclusion without notifying Plaintiffs that Allstate would not assess

for diminished value and either pay it or deny its existence as required by Georgia law." (Doc. 21, ¶ 24).

- Allstate never indicated that any portion of Plaintiffs' loss was not covered. (Doc. 21, ¶¶ 23–24).

- "By assuring Plaintiffs that their claim was progressing toward conclusion and by never paying diminished value or denying its existence as required under Georgia law, Allstate led Plaintiffs to believe that their claim would be fully adjusted and that they would be paid for all covered losses." (Doc. 21, ¶ 26).

Accepting these allegations as true, the Court finds that Plaintiffs have adequately alleged facts to support their claim that Allstate waived the contractual limitations period.

## III. CONCLUSION

For the reasons discussed herein, Allstate's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 22) is **DENIED**.

**SO ORDERED**, this the 15th day of August, 2017.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

les