# Exhibit 15

to

Declaration of Nina Fields Britt

in Support of Plaintiffs' Motion for Class Certification

## Excerpt of "Allstate Claim Manual, Chapter 3: Review File"

(ALLSTATE013409, ALLSTATE013416-13420, and ALLSTATE013422)

# CHAPTER 3:
# REVIEW FILE



HIGHLY CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER ALLSTATE013409

## 2. Action: Non-Waiver Agreement/Reservation of Rights

**General Information**

A Non-Waiver Agreement is a written acceptance by the insured of the Company's intention not to waive its rights to disclaim coverage by conducting an investigation. A Non-Waiver Agreement is used rather than a Reservation of Rights letter when local court decisions indicate written acceptance of Allstate's intention is important. A Non-Waiver Agreement is only used after securing appropriate management approval. In general, because a Non-Waiver Agreement shows that the insured is acknowledging the coverage investigation, it is preferred over a Reservation of Rights letter.

A Reservation of Rights letter differs from a Non-Waiver Agreement in that the insured is not required to sign anything. The Reservation of Rights letter informs the insured that Allstate's performance of a coverage investigation is not to be taken as a waiver of the right to deny coverage at a later time. The purpose of the letter is to allow Allstate to conduct an investigation without waiving rights and without stopping Allstate from asserting them later.

Both a Reservation of Rights letter and a Non-Waiver Agreement should be sent via registered or certified mail, return receipt requested to ensure proof of receipt. In most cases, it should be mailed to the named insured, and copies sent to all parties likely to claim coverage under the policy. A Reservation of Rights letter, like a Non-Waiver Agreement can be used only after securing appropriate management approval. If the Reservation of Rights letter is being sent out due to a late notice of a loss per a 90 day automated task (limited to specific states and perils), no authorization is required by Leadership.

It is the adjuster's responsibility to determine coverage for reported losses. Sometimes, a definite determination of coverage is not possible based on available information. In many states, coverage can only be triggered based on allegations made when a suit is filed against an insured. In those cases, where there is insufficient information available or a suit has not been filed, a Reservation of Rights letter should be issued to the policyholder.

A Reservation of Rights letter is designed to protect both the insured and the insurance company. Because the insured is notified of possible uninsured exposures he/she can take appropriate measures to protect himself/herself and can help resolve coverage issues. The insurance company defers making a final decision on coverage while either the investigation is being completed or certain events are taking place.

Sending a Reservation of Rights letter or securing a Non-Waiver Agreement is an interim step - not the final resolution of coverage. The adjuster must take affirmative action after issuing a Reservation of Rights letter or Non-Waiver Agreement, in order to resolve coverage issues. After issuing a Reservation of Rights letter or a Non-Waiver Agreement, update the file with the plan to resolve the stated coverage issues.

Rescinding a Reservation of Rights letter must be approved by appropriate management. See state guidelines for details.



HIGHLY CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER ALLSTATE013417

## 5. Action: Disclaim Coverage

**General Information**

Claim adjusters need to investigate, analyze, and determine coverage for losses reported by Allstate policyholders. Our goal is to provide coverage, but only if appropriate under the policy.

A disclaimer can have one or more of four possible grounds:

1. Loss not within policy period
2. Loss not within terms of policy or excluded from coverage
3. Violation of policy conditions
4. Void "ab initio"

When there is no potential for coverage, claim adjusters must prepare and issue a written Disclaimer of Coverage. A Disclaimer of Coverage is a very serious action, and, therefore, warrants careful consideration.

When an investigation is complete and a claim adjuster decides coverage does not apply, the decision must be discussed with appropriate management and approval to disclaim coverage must be secured.

On claims where the gross tort value exceeds claim office/Claim Service Area (CSA) authority, it must be referred to Home Office for approval.

If an insured disputes or does not accept the disclaimer, the matter may have to be resolved by a Declaratory Judgment Action.

Always be mindful the duty to defend is greater than the duty to indemnify. You should look to provide coverage, if possible. If a suit is filed, the insured may be entitled to a defense if the underlying complaint alleges that the insured is liable for damages that may potentially be covered under the policy. This may also apply if the possibility exists that the complaint could be amended to include liability that may be covered under the policy. Check applicable state laws since this may vary state to state.

All Disclaimers of Coverage must be in compliance with the applicable state Fair Claim Practices Act and/or insurance regulations.

## b. Disclaim Coverage: Loss Not within Terms of Policy

**General Information**

Probably the most common of disclaimer actions are losses not covered by terms of a policy. That is, there is no coverage because a loss does not fall within the scope of protection afforded by a policy. When investigating these types of matter, claim adjusters answer these questions:

- Is the loss covered by an insuring agreement?
- Is the person seeking coverage an insured person?
- Is the property covered?
- Are there applicable exclusions?

In order to answer these questions, you need to know policy provisions and facts of the loss. In addition to losses not covered by terms of a policy, all other coverage issues should be identified, investigated, and communicated to the insured.

Always be mindful the duty to defend is greater than the duty to indemnify. You should look to provide coverage, if possible. If a suit is filed, the insured may be entitled to a defense if the underlying complaint alleges that the insured is liable for damages that may potentially be covered under the policy. This may also be the case if the possibility exists that the complaint could be amended to include liability that could be covered under the policy.

While coverage issues arise out of an insurance policy, state law plays a significant role as well. It is important to ensure you are incorporating state law into your coverage analysis when making any coverage decisions.

When a person is removed from policy coverage by an insured, some states require that person must be given notice of the termination. Failure to give notice to a separated or divorced spouse may require us to afford coverage to that individual. Be sure to review the applicable state laws.

Review claim bulletins and consult with office management to help determine the applicability and interpretation of exclusions in particular states.