# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

BARBARA MORROW and BENNY MORROW, individually and on behalf of all those similarly situated,

    Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY, et al.,

    Defendants.

Civil Action No. 5:16-CV-137 (HL)

## ORDER

Before the Court is Plaintiffs Barbara and Benny Morrow's Motion to Certify Class. (Doc. 52). Plaintiffs filed their Complaint as a proposed class action on behalf of themselves and other similarly situated potential class members. (Doc. 1). The proposed class includes individuals who hold homeowners insurance policies with Defendant Allstate Insurance Company ("Allstate") or another Allstate insurance provider (collectively, "Defendants").[1] Plaintiffs seek class certification under Rule 23(b)(3) as to their breach of contract claim alleging that Defendants breached their duty to assess for diminished value due to stigma. (Doc. 52). They

---

[1] In Plaintiffs' Complaint, they named Allstate Insurance Company, Allstate Indemnity Company, Allstate Fire and Casualty Insurance Company, and Allstate Property and Casualty Insurance Company as Defendants. (Doc. 1).

also request certification of their request for attorneys' fees and costs. (*Id.*). According to Plaintiffs, the homeowners policy created a duty to assess for diminished value, and Defendants failed to complete such an assessment on a class-wide basis after class members submitted general claims on their insurance policy. The Court finds that the individual class members' breach of contract claims will be too factually dissimilar to adjudicate uniformly. Thus, class certification is inappropriate. Accordingly, the Court **DENIES** Plaintiffs' Motion to Certify Class. (Doc. 52).

## I. FACTUAL BACKGROUND

Plaintiffs own a home in Calhoun, Georgia. (Doc. 59-1, ¶ 1). Plaintiffs have insured their home under a homeowners insurance policy issued by Defendants. (*Id.*). Plaintiffs' home has "sustained two direct physical losses." (Doc. 59, p. 10). First, on April 15, 2010, an explosion occurred at a neighboring property. (Doc. 59-1 at ¶ 7). According to Plaintiffs, the explosion caused structural damage to their home. (*Id.* at ¶ 8). Plaintiffs made a claim on their homeowners policy, and Defendants paid Plaintiffs to repair the damage. (*Id.* at ¶ 9). Then, on July 14, 2015, Plaintiffs' home suffered a second direct loss, this time involving water damage and mold. (*Id.* at ¶ 15). Again, Plaintiffs submitted claims on their homeowners policy, and Defendants paid to repair and remediate the damage. (*Id.* at ¶ 16). Plaintiffs now allege that despite the 2010 and 2015 repairs, the home's fair market

2

value suffered a diminution in value due to stigma following the physical damage. (Compl. ¶ 45).

Both parties acknowledge that Defendants never compensated Plaintiffs for the alleged diminished value of their home. The parties' dispute arises out of the insurance policy's language. Defendants deny that the policy covers diminution in value due to stigma. Plaintiffs argue that under Georgia law the policy covers diminution in value and imposes a duty to assess for diminished value. Plaintiffs bring two breach of contract claims: they allege that Defendants failed (1) to assess the diminished value of their home due to stigma and (2) to pay for such diminution in value. (Doc. 1, ¶¶ 35–36). Plaintiffs' Motion to Certify Class seeks only to certify their claim for Defendants' alleged failure to assess for diminished value and their claim for attorneys' fees and costs. (Doc. 52-1, p. 9). They do not seek to certify a class for Defendants' alleged failure to pay diminished value.

## II. ANALYSIS

Plaintiffs define the class as follows:

> All persons formerly or currently insured under homeowners insurance policies issued by Allstate Indemnity Company that provide coverage for property located in Georgia who, from April 14, 2010, through the Court's order certifying a class, presented first-party claims arising from direct physical losses to their properties as a result of water, fire, mold, or foundational/structural damage that Allstate Indemnity Company accepted as covered but wherein diminished value was not assessed for or paid in connection with the adjustment of such claims.

(Doc. 52-1, p. 22). In support of their Motion to Certify, Plaintiffs primarily rely on *State Farm Mutual Automobile Insurance Company v. Mabry*, 274 Ga. 498 (2001) and *Royal Capital Development, LLC v. Maryland Casualty Company*, 291 Ga. 262 (2012) ("Royal Capital") to establish that the policy's language imposed a duty to assess for diminished value, and Defendants' failure to assess breached their contracts with policyholders. *See* (Doc. 52-1, p. 8) ("This case thus presents the classic *Mabry/Royal Capital* scenario . . . .").

In *Mabry*, the Georgia Supreme Court found that State Farm's automobile insurance policy obligated it to pay and assess for diminution in value as an element of loss along with the loss attributed to physical damage when a policyholder makes a general claim of loss. 274 Ga. at 509. The trial court certified a class of plaintiffs holding State Farm automobile insurance policies issued in Georgia. *Id.* at 498. The trial court granted both declaratory and injunctive relief. *Id.* at 509–10. The Georgia Supreme Court affirmed the trial court's decision, establishing that "the measure of damages in a claim under an automobile insurance policy" is "value, not condition." *Id.* at 506. Thus, State Farm's insurance policy obligated it "to pay for diminution in value when it occurs" because diminished value is "an element of loss to be recovered on the same basis as other elements of loss." *Id.* at 508. Failure to pay for the diminution of value constitutes a breach of contract just the same as if State Farm had refused to pay for physical damage covered under its policy.

4

Having concluded that diminished value is an element of loss, the Georgia Supreme Court also found that State Farm was "obligated to assess that element of loss along with the elements of physical damage when a policyholder makes a general claim of loss." *Id.* at 509. The trial court ordered State Farm to evaluate class members' physical damage claims for diminution in value. *Id.* at 498–99. The Georgia Supreme Court upheld the trial court's grant of injunctive relief to remedy State Farm's failure to assess. *Id.* at 510. "[R]equiring State Farm to perform th[e] duty [to assess]" was "no abuse of discretion." *Id.*

*Royal Capital* confirmed that *Mabry*'s holding regarding automobile insurance policies also applies in the real property context. *Royal Capital*, 291 Ga. at 267. In *Royal Capital*, the Eleventh Circuit asked the Georgia Supreme Court to answer whether "an insurance contract providing coverage for 'direct physical loss of or damage to' a building" requires the insurer to "compensate the insured for the diminution in value of the property resulting from stigma due to its having been physically damaged." *Id.* at 262. The Georgia Supreme Court held that its *Mabry* decision requiring an insurer to "pay for any diminution in value of the repaired vehicle . . . is not limited by the type of property insured, but rather speaks generally to the measure of damages an insurer is obligated to pay." *Id.* at 263. *Royal Capital*'s analysis focused entirely on the duty to pay for diminished value. The Georgia Supreme Court did not discuss or mention the insurer's duty to assess for diminution in value and whether it too extended to real property insurance policies.

5

But the duty to assess follows the duty to pay because as *Mabry* made clear, diminution in value is an element of loss, and when insurers undertake to cover a loss, they are obligated to assess for every element of the loss, including both physical damage losses and losses to value. *See Mabry*, 274 Ga. at 509 ("State Farm is obligated to assess [the diminished value] element of loss along with the elements of physical damage when a policyholder makes a general claim of loss."). *Mabry* and *Royal Capital* thus provide the underlying authority relevant to the Court's determination of class certification for Plaintiffs' failure to assess claim.

### A. Class Certification Standard

First, "a plaintiff seeking to represent a proposed class must demonstrate that the class is 'adequately defined and clearly ascertainable.'" *Sellers v. Rushmore Loan Mgmt. Servs., LLC*, 941 F.3d 1031, 1039 (11th Cir. 2019) (quoting *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012)). Then, the court begins its "rigorous analysis" under Federal Rule of Civil Procedure 23. *Id.* at 1039. Rule 23 governs class action certification in federal court. To certify and maintain a class action, the proposed class must satisfy the four prerequisites listed in Rule 23(a). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345–46 (2011). Specifically, the party seeking certification must show:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4).

Next, the moving party must demonstrate that the proposed class is one of the three types of class actions identified in Rule 23(b). *Wal-Mart Stores, Inc.*, 564 U.S. at 345. Plaintiffs seek certification under Rule 23(b)(3), which requires the Court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[2]

At this stage, the Court does not determine the merits of the representative Plaintiffs' claim. *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries . . ."). The Court will, however, consider the merits to the extent necessary to determine whether Rule 23's requirements are satisfied. *Id.*; *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir. 2009).

### B. Application of Rule 23

The Eleventh Circuit recently held, in an unpublished decision, that if a defendant can "demonstrat[e] that the plaintiff's property has not suffered

---

[2] Plaintiffs alternatively request certification under Rule 23(b)(2) or Rule 23(c)(4) if the Court finds that certification under Rule 23(b)(3) is unavailable.

diminished value," then "it would be futile to assess the property and the failure to assess claim is essentially moot." *Anderson v. Am. Family Ins. Co.*, No. 18-14772, 2020 WL 550789, at *4 (11th Cir. Feb. 4, 2020). In *Anderson*, the plaintiff raised two breach of contract claims: one for the insurer's failure to pay diminution in value and another for its failure to assess for diminution in value. *Id.* at *3–4. The Morrow Plaintiffs have raised those same claims here. The *Anderson* plaintiff's failure to pay claim was unsuccessful because the evidence showed that his property did not actually suffer any diminished value. *Id.* Thus, both the District Court and Eleventh Circuit concluded that ordering an assessment would be futile and dismissed the plaintiff's failure to assess claim as moot.

Neither the Georgia Supreme Court nor the Eleventh Circuit have indicated explicitly whether the two claims may be pursued independently, but following the Eleventh Circuit's guidance in *Anderson*, the two claims are interdependent to some extent.[3] If Defendants succeed on their Motion for Summary Judgment as to Plaintiffs' failure to pay claim, that will moot Plaintiffs' failure to assess claim because the assessment would be futile. Similarly, other potential plaintiffs' failure to assess claims may be moot if Defendants show that the plaintiffs' individual

---

[3] *Anderson* specifically held that "when a plaintiff raises a failure to assess claim and a failure to pay claim alleging diminished value on account of stigma, and a defendant succeeds on a motion for summary judgment with respect to the failure to pay claim by demonstrating that the plaintiff's property has not suffered diminished value, it would be futile to assess the property and the failure to assess claim is essentially moot." 2020 WL 550789, at *4.

8

properties suffered no diminished value. Defendants indicate that they intend to defend against the proposed class members' failure to assess claims by introducing evidence concerning each home's lack of diminished value. (Doc. 61, pp. 14–23).

Against this background, the Court finds that Plaintiffs cannot meet either Rule 23(a)(2)'s commonality element or Rule 23(b)(3)'s predominance requirement. The Court will consider commonality and predominance together because the parties' arguments overlap on these points. Plaintiffs contend that commonality and predominance are satisfied because Allstate's standard form insurance contracts are uniform across all class members. (Doc. 52-1, pp. 25, 30). Plaintiffs allege that Defendants had a policy of refusing to assess for diminution in value, thus establishing that all class members have suffered the same breach of contract. (*Id.* at p. 26). Further, Plaintiffs maintain that "potential" for diminished value is all that *Mabry* required to trigger Defendants' duty to assess. (*Id.* at p. 30). Common proof can demonstrate "potential" for diminution in value, avoiding an individualized inquiry into whether any class member actually suffered diminished value. Defendants rely on *Anderson* and argue that the mere "potential" for diminished value is insufficient to prevail on a duty to assess claim. According to Defendants, an insured has no claim for breach of the duty to assess unless the insured's property suffered diminished value due to stigma. Defendants argue that Plaintiffs cannot satisfy commonality or predominance because adjudication of

9

class-wide failure to assess claims would require individualized inquiries into "whether any given class member in fact suffered diminished value." (Doc. 61, p. 17); *see* Fed. R. Civ. P. 23(a)(2), (b)(3).

### 1. Commonality

Commonality under Rule 23(a)(2) requires the plaintiff to present "questions of law or fact" that are "common to the class." The plaintiff must "demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc.*, 564 U.S. at 349 (quotation marks and citation omitted). Further, that common injury "must be of such a nature that it is capable of classwide resolution." *Id*. "What matters to class certification . . . [is] the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id*. (citation omitted). "Dissimilarities" between members of the proposed class "have the potential to impede the generation of common answers." *Id*.

Allstate's uniform insurance contracts present a common question at law: whether the language of the contract created a duty to assess for diminished value. *See Sellers*, 941 F.3d at 1040 ("For the commonality requirement, 'even a single common question will do.'" (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 359)). But whether that question is capable of class-wide resolution is dubious. Defendants have admitted that they failed to assess for diminution in value. However, that fact, alone, does not entitle Plaintiffs to relief. *Anderson* informs the Court that remedying a failure to assess depends in part on whether the defendant can show

10

the property did not suffer any diminution in value. *See* 2020 WL 550789, at *4 ("[When] a defendant succeeds on a motion for summary judgment with respect to the failure to pay claim by demonstrating that the plaintiff's property has not suffered diminished value, it would be futile to assess the property."). Defendants here seek to defend against the alleged breach of contract by demonstrating that the Plaintiffs' property in fact suffered no diminution in value, which would moot their failure to assess claim. (Doc. 61, p. 14–20). And Defendants intend to defend other class members' claims similarly. That course of litigation is unlikely to produce common answers or a common resolution among all class members.

Vast dissimilarities exist between the types of physical damage sustained by the properties in the proposed class. The proposed class encompasses property damage ranging from toxic mold to water damage from an overflowing toilet. Public perception of the properties' values—and ultimately the diminution in value attributable to each property—may vary widely between these types of losses. Significantly, the Georgia Supreme Court has indicated that it would be "unusual" and only "sometimes appropriate" to award diminution in value damages after repair in the real property context. *Royal Capital*, 291 Ga. at 265; *See Anderson v. Am. Family Ins. Co.*, 350 F. Supp. 3d 1295, 1299 n.3 (M.D. Ga. Oct. 15, 2018) ("The [Georgia] supreme court's observation that diminished value is unusual when real property is fully repaired was clearly meant to distinguish real property from automobiles."). This suggests that granting relief for a failure to

assess claim would be inappropriate in many cases where no diminished value exists.

Adjudicating these claims would at least require an individualized inquiry into which class members should receive an assessment. The factual differences and uncertainties among class members make class-wide resolution implausible. *See Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) ("Under the Rule 23(a)(2) commonality requirement, a class action must involve issues that are susceptible to class-wide proof." (quoting *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001))). Accordingly, the Court will not certify the proposed class because Plaintiffs have not satisfied Rule 23(a)(2)'s commonality prerequisite.

### 2. Predominance

Even assuming that Plaintiffs can establish Rule 23(a)'s prerequisites, the proposed class fails on the Rule 23(b)(3) predominance requirement. The predominance requirement is "far more demanding" than commonality. *Sellers*, 941 F.3d at 1039. When analyzing predominance, the court considers "whether the issues in the class action that are subject to generalized proof and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof." *Id.* at 1040 (citation and quotation marks omitted); *see also Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 985 (11th Cir. 2016) ("Common issues of fact and law predominate if they have a direct impact on every class member's effort to establish liability and on every class member's entitlement to

injunctive and monetary relief." (quoting *Babineau v. Fed. Express Corp.*, 576 F.3d 1183, 1191 (11th Cir. 2009)). Class certification is "inappropriate" where proposed class members would still be required to "introduce a great deal of individualized proof or argue a number of individualized legal points" to establish their claims. *Babineau*, 576 F.3d at 1191.

Predominance requires courts to "identify the parties' claims and defenses" as well as "predict[] how the parties will prove them at trial." *Sellers*, 941 F.3d at 1040. On the merits, Plaintiffs rely heavily on their expert, Georgia real-estate appraiser, Scott Murphy's opinion that their home sustained a 6.9% diminution in value after Murphy performed an appraisal. (Doc. 52-1, p. 10). This is the type of individualized proof—specific to the named plaintiffs' property and inapplicable to other class members—that defeats predominance. Plaintiffs argue that they seek to rely on Murphy and other experts' opinions to show potential for diminished value that may be applicable to the proposed class. Regardless of Plaintiffs' evidence, the evidence Defendants intend to introduce will distill the litigation to individualized inquiries.

Defendants assert that they will defend the suit by demonstrating that no diminished value exists in any one class member's property, which according to *Anderson*, moots the failure to assess claim.[4] (Doc. 61, p. 20); *see Anderson*, 2020

---

[4] Defendants confirmed this litigation strategy in their Motion for Summary Judgment. (Doc. 48-1). Defendants argue that "because Plaintiffs cannot establish

13

WL 550789, at *4. As mentioned above, the Georgia Supreme Court has indicated that it would be "unusual" but "sometimes appropriate" to award diminished value damages after repair in the real property context. *Royal Capital*, 291 Ga. at 265. Therefore, the "potential" for diminished value loss that Plaintiffs may demonstrate by generalized proof is undercut by the Georgia Supreme Court's contention that diminished value would be "unusual" in any one case. *Id.*

Defendants may introduce evidence to show that individual properties did not suffer diminution in value. For example, in *Anderson*, the record revealed that "Anderson's realtor touted the repairs as *increasing* the property's value" and "[n]o potential buyers expressed concern about the water damage." 202 WL 550789, at *2–*3. This is the type of individualized evidence Defendants may produce to defeat individual class members' claims. *See Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1240 (11th Cir. 2016) ("What matters is the type of evidence that the parties will submit to prove and disprove the defense."). And to refute Defendants' evidence, each class member would have to "introduce a great deal of individualized proof" to establish "their individualized claims." *Sellers*, 941 F.3d at 1040. Plaintiffs have done exactly that here by relying on Murphy's appraisal to

---

that they suffered diminished value, they suffered no injury from the failure to pay diminished value. . . . [W]here the plaintiff cannot establish a failure to pay diminished value, a mere failure to assess for diminished value does not give rise to an independent claim." (*Id.* at p. 3).

demonstrate that their home did in fact suffer diminished value. Likewise, other class members may seek to introduce evidence of their home's diminished value.

Although "affirmative defenses ordinarily do not defeat predominance," the mootness issue here "appl[ies] to the vast majority of class members and raise[s] complex, individual questions." *Brown*, 817 F.3d at 1241. Some class members—like the *Anderson* plaintiffs—may have suffered no diminished value. In those cases, "it would be futile to assess the property." *Anderson*, 2020 WL 550789, at *4. Other class members may fall into *Royal Capital*'s "unusual" category, where the diminution in value would warrant an assessment. 291 Ga. at 265. To sort out the class members' claims, the parties would have to introduce individualized evidence. Accordingly, the Court finds that Plaintiffs cannot establish predominance under Rule 23(b)(3).[5]

### III. CONCLUSION

The Court finds that Plaintiffs have not satisfied the requirements under Rule 23 to justify class certification. No uniform resolution is possible among the proposed class because *Anderson* indicates that failure to assess claims depend, in part, on whether a defendant can demonstrate that no diminished value occurred. Likewise, the Court also denies class certification of Plaintiffs' request

---

[5] Plaintiffs alternatively seek certification under Rule 23(b)(2) or 23(c)(4). Having concluded that Plaintiffs cannot satisfy the Rule 23(a) prerequisites, the Court declines to analyze these other forms of certification further.

for attorneys' fees and costs because adjudication of class members' claims requires individualized inquiries.[6] Accordingly, Plaintiffs' Motion to Certify Class is **DENIED.** (Doc. 52).

**SO ORDERED**, this 7th day of April, 2020.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

kac

---

[6] "A party cannot receive attorney fees under O.C.G.A. § 13-6-11 unless it prevails on its basic cause of action." *Dep't of Transp. v. Ga. Television Co.*, 244 Ga. App. 750, 752 (2000). As discussed above, whether any one class member will prevail on his or her failure to assess claim requires individualized inquires which preclude class certification.