IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BARBARA MORROW and BENNY MORROW, individually and on behalf of all those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLSTATE INDEMNITY COMPANY, et al.,<br><br>    Defendants. | Civil Action No. 5:16-CV-137 (HL) |

**ORDER**

Before the Court are Plaintiffs Barbara and Benny Morrow's Motion for Reconsideration (Doc. 82) and Motion for a Hearing on Plaintiffs' Motion for Reconsideration (Doc. 83). Plaintiffs seek reconsideration of this Court's April 7, 2020 Order, denying class certification of Plaintiffs' claims. (Doc. 81). In its Order, the Court found that the individual class members' breach of contract claims were too factually dissimilar to adjudicate uniformly, and thus, class certification was inappropriate. Plaintiffs argue now that the Court's findings were clearly erroneous and have requested oral argument.

**I.   DISCUSSION**

The Court may grant a motion for reconsideration only if the motion presents "newly-discovered evidence" or points to "manifest errors of law or fact." *Arthur v.*

*King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Courts should deny a motion for reconsideration that "[does] nothing but ask the district court to reexamine an unfavorable ruling." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). The Court is not to "[r]econsider[] the merits of a judgment, absent a manifest error of law or fact." *Id*. "Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Cotton v. Georgia*, No. 5:07-cv-159 (HL), 2007 WL 2345252, at *1 (M.D. Ga. Aug. 14, 2007) (quoting *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003)).

Plaintiffs present no new evidence. They argue that the Court erroneously applied the relevant case law. First, Plaintiffs take issue with the Court's application of *State Farm Mutual Automobile Insurance Company v. Mabry*, 274 Ga. 498 (2001). But Plaintiffs have not demonstrated any error of law or fact made by this Court. They simply repeat arguments made in their original motion for class certification. For example, in Plaintiffs' Motion to Certify Class, they argue that, in accordance with *Mabry*, "it is not necessary for the Morrows (or any other class member) to show an actual diminished loss to trigger Allstate's duty to assess or its breach of that duty." (Doc. 52-1, p. 21). In Plaintiffs' Motion for Reconsideration,

they allege the Court erred "by requiring a showing that damage from a covered loss actually resulted in diminished value [because] *Mabry* merely requires that such damage has the potential to reduce the value of property." (Doc. 82, p. 3). These are identical arguments that the Court has already addressed and rejected in its Order. Therefore, reconsideration of the Court's *Mabry* analysis is inappropriate.

Next, Plaintiffs argue that the Court misapplied *Anderson v. American Family Insurance Company*, 800 F. App'x 814 (11th Cir. 2020). The Eleventh Circuit decided this case after Plaintiffs filed their Motion for Class Certification, so they were unable to address it in their original motion. Once *Anderson* was decided, however, Defendants filed a Notice of Supplemental Authority addressing the opinion and its application to the present case. (Doc. 78).[1] Plaintiffs filed a response and submitted to the Court their interpretation of *Anderson* and its effect on their Motion to Certify Class. (Doc. 79). Plaintiffs' Motion for Reconsideration raises the same arguments discussed in their response to Defendants' notification of *Anderson*. (Doc. 82, pp. 5–6). Again, the Court previously rejected those arguments in its Order. Therefore, the Court will not discuss *Anderson* further at this time.

---

[1] Defendant Allstate Indemnity Company also filed a Motion for Leave to File a Reply in Support of its Notice of Supplemental Authority. (Doc. 80). The Court denied Plaintiffs' Motion for Class Certification, so Defendant's motion is now moot.

3

Finally, Plaintiffs argue that the Court's Order ignores the parties' contractual rights. (Doc. 82, p. 6). This argument is misplaced. The Morrow Plaintiffs as well as other individual, potential plaintiffs can still litigate their contractual rights. The Court's Order denying class certification does not prevent them from seeking a remedy for Defendants' alleged breach of contract. The Order only limits their ability to do so as a class.

## II. CONCLUSION

Plaintiffs present no new evidence and have not demonstrated any error committed by this Court. Plaintiffs merely raise the same arguments that the Court previously rejected. Accordingly, Plaintiffs' Motion for Reconsideration is **DENIED.** (Doc. 82). Likewise, Plaintiffs' Motion for a Hearing on its Motion for Reconsideration is also **DENIED.** (Doc. 83).

**SO ORDERED**, this 22nd day of May, 2020.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

kac